# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELKEM MATERIALS, INC., <br>         Plaintiff, <br><br> v <br><br> GLOBE METALLURGICAL, INC., <br>         Defendant. | ) <br> ) <br> ) <br> )   2:12-cv-1830 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER

Now pending before the Court is PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Document No. 3), with the affidavit of Simon Wilson and supporting exhibits, filed by Elkem Materials, Inc. ("Elkem") on December 17, 2012. Defendant Globe Metallurgical, Inc. ("Globe") has not yet filed a response. However, Globe has received actual notice of the motion and Reed Smith attorney Thomas L. Allen entered his appearance on behalf of Globe on December 19, 2012. The Court conducted a conference/hearing/argument on December 20, 2012 at which both Elkem and Globe were represented by counsel.

On December 2, 2005, Elkem and Globe entered into a Distribution and Supply Agreement (the "Agreement"). As relevant to this proceeding, the Agreement provided, inter alia, that: (1) Buyer (Elkem) was to be the "worldwide exclusive distributor of Silica Fume from Alloy plant"; (2) Seller (Globe) agreed to supply Silica Fume "on a continuous basis"; (3) the initial term of the Agreement was through December 31, 2015 and Elkem had the exclusive option to extend the Agreement for two terms of five (5) years, through 2025; (4) a party may not terminate the Agreement without "three years' prior written notice"; (5) Globe had no right

to terminate the Agreement prior to January 1, 2026; (6) Globe agreed to supply "not less than 18,000 tons per calendar year" of Silica Fume; (7) pursuant to § 6.1, the prices for each calendar year shall be adjusted "in accordance with the change in Seller's average realized net FCA sales prices"; and (8) both parties agreed with the principle that Elkem would become "the exclusive buyer of Silica Fume produced by [Globe]."

The Agreement § 9.8 sets forth a binding arbitration provision. "If a dispute arises," either party may give written notice to the other party, and designate an executive to negotiate. Upon receipt of such notice, the other party "shall, within five (5) business days" designate an authorized executive to serve as its representative and enter into discussions concerning the dispute. If the dispute is not resolved within ninety (90) days, "such dispute shall be referred to final and binding arbitration."

As reflected in the exhibits attached to the motion, from 2005-2012 Elkem and Globe maintained a course of performance by which the annual pricing adjustments were calculated based on the change in Elkem's (Buyer's) sales prices from the previous year, irrespective of the apparent contractual language of § 6.1. By letter dated September 26, 2012, Globe notified Elkem that the annualized prices had not been calculated correctly for several years and were no longer adequate under the circumstances. Globe proposed to essentially double the price of the products.[1] By way of letter dated October 4, 2012, Elkem "strongly disagree[d] that the prices have not been properly calculated" and refused to accept Globe's new pricing terms. On October 27, 2012 Globe sent Elkem an invoice (the "October Invoice") in the amount of $2,811,189.00, which represented a retroactive claim for "corrected billing" dating back to 2007, as reflected in an attached calculation. Globe demanded payment in full within thirty (30) days, although it

---

[1] The price Globe demanded for bagged silica fume increased from $133.13 to $258.13, and the price for bulk delivery increased from $141.37 to $241.37, FOB Alloy, West Virginia.

requested "paying this immediately." On November 2, 2012 Elkem reiterated its objection to Globe's pricing terms and notified Globe that it would seek resolution pursuant to the arbitration clause in the Agreement. On December 3, 2012 counsel for Elkem invoked Agreement § 9.8 (the arbitration provision) and designated the Elkem representatives who would enter into negotiations to resolve the issue.

On December 10, 2012, Theodore Allegaert[2] wrote to counsel for Elkem and stated, inter alia, that: (1) Globe did not believe that the issue constituted a "dispute" under the Agreement and therefore would "not accept at this time the commencement of the dispute resolution process"; (2) Elkem had breached the Agreement by failing to pay the October Invoice; (3) suspended Globe's performance under the Agreement; and (4) notified Elkem that if it did not make full payment by December 14 (four days later), Globe "will deem the Agreement terminated without further notice."

At the December 20th proceeding, counsel for Elkem explained that a Temporary Restraining Order ("TRO") is necessary for both legal and practical reasons: Elkem has been unable to invoke the arbitration process established under the Agreement due to Globe's refusal; Elkem has insufficient inventory of "densified" Silica Fume to meet existing customer orders and it may take up to a month to arrange for alternative supply (i.e., cover), perhaps from China; "undensified" Silica Fume is a product unique to each smelting plant, and therefore, the "undensified" product which Elkem received under the Agreement is not replaceable by other sources.[3] In sum, Elkem claims irreparable harm due to the unilateral termination of the Agreement, the inability to accommodate existing customer orders, and Globe's refusal to

---

[2] Mr. Allegaert, identified as an attorney for Globe's parent company, was present and participated in the hearing/argument on December 20th.
[3] Elkem's customers, some of whom had received the product from the Alloy plant for twenty (20) years, would be required to experiment with their formulas and/or replacement products.

3

participate in the dispute resolution procedure mandated in the Agreement. Elkem asks the Court to: (1) preserve the status quo of prior years regarding supply and pricing; and (2) to order the parties to engage in arbitration as provided in § 9.8 of the Agreement to resolve the merits of the underlying disputes. Elkem contends that Globe will not experience any harm because the arbitration process will resolve the pricing dispute. Elkem represents that it will comply with any award determined by the arbitrator.

At the proceeding before the Court, Globe persisted in its refusal to submit this matter to arbitration. However, Mr. Allegaert did ultimately concede that there is now a "dispute" between the parties. Globe represented that it was ready, willing and able to supply Silica Fume to Elkem, provided that Elkem agrees to Globe's payment terms (i.e., payment of the $2.8 million October Invoice and acceptance of Globe's new prices), in order to ensure continued delivery of the product. Counsel for Globe explained, understandably, that he had just been engaged the previous day and was not fully versed on all of the issues in the case. His presentation focused on the alleged failure of Elkem to establish irreparable harm, as opposed to whether this matter is arbitrable. In essence, Globe contends that this disagreement merely involves money and that Elkem is able to accommodate its customers through other suppliers, such as sources in China. In the alternative, counsel requested additional time to develop an evidentiary record and present its side of the story at a preliminary injunction hearing and contended that the extraordinary relief of a TRO is not warranted in the interim.

There is a well-established test for injunctive relief: "(1) whether the movant has demonstrated reasonable probability of eventual success in the litigation; (2) whether the movant has demonstrated that it will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo; (3) the possibility of harm to other interested persons from the grant

4

or denial of the injunction, and (4) the public interest." *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806, 812-13 (3d Cir. 1989). Moreover, "a district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied." *Id*. at 812. Based on its discretionary balancing of these factors, the Court may issue preliminary relief to preserve the status quo, including in an arbitrable dispute, "to protect the integrity of the applicable dispute resolution process." *Id*. at 813-14. As the Court of Appeals explained: "If the existing "status quo" is currently causing one of the parties irreparable injury and thereby threatens to nullify the arbitration process, then it is necessary to alter the situation to prevent the injury." *Id*. at 814.

The Court finds that there is a reasonable likelihood that Elkem will succeed on the merits regarding the arbitrability of this matter. Agreement § 9.8 requires binding arbitration and Globe now concedes that there is, in fact, a "dispute." The Court also finds that Elkem is likely to succeed on the merits regarding Globe's attempted termination of this long-term, exclusive supply Agreement, without proper notice and prior to the expiration term of the Agreement. The Court expresses no opinion as to the applicable pricing formula, or whether the formula should have retroactive application – other than to conclude that this issue represents a "dispute" which triggers the process set forth in § 9.8.

The Court finds that Elkem has established irreparable harm. Globe has refused to abide by the dispute resolution process provided in the Agreement; and due to Globe's unilateral suspension of supply, Elkem is unable to accommodate its customers' immediate needs. Those customers, too, may experience indirect harms due to Globe's actions, particularly if they are unable to obtain the unique "undensified" Silica Fume produced by the Alloy plant.

5

The balance of harms weighs significantly in Elkem's favor. Both parties entered into a long-term supply contract. Both parties performed under the Agreement for seven years with a price-adjustment formula based on Elkem's pricing. Globe has not articulated any harm that it would suffer. To the contrary, it has represented its continued ability to perform its supply duties under the Agreement.[4] The Court concludes that Globe will not suffer harm from a continuation of the prior years status quo, particularly given Elkem's representation that it will abide by any award of the Arbitrator if Globe prevails. The possibility of harm to Globe will be further minimized because the Court will schedule a preliminary injunction hearing in early January, at which it will reconsider the appropriateness of injunctive relief.

The public interest strongly favors Elkem. Federal law encourages the use of arbitration to resolve disputes and enforces contractual "binding arbitration" provisions. Injunctive relief is available to preserve the integrity of the dispute resolution process set forth in the Agreement. *See Ortho*, 882 F.2d at 812. In sum, the Court finds that Elkem is entitled to entry of a Temporary Restraining Order.

An appropriate Order follows.

McVerry, J.

---

[4] Globe implied that the plant may have a brief shutdown over the Christmas holiday.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELKEM MATERIALS, INC., <br> Plaintiff, <br><br> v <br><br> GLOBE METALLURGICAL, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) 2:12-cv-1830 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## TEMPORARY RESTRAINING ORDER

AND NOW, this 21st day of December, 2012 in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Document No. 3) is **GRANTED IN PART**, as follows:

A Temporary Restraining Order is hereby immediately issued and Elkem Materials, Inc. shall post security in the amount of $25,000.00 forthwith;

Globe Metallurgical, Inc. shall immediately continue to supply Elkem with Silica Fume under the same pricing methodology, and in the same manner, as the parties have used for the past six years, until resolution of this dispute through arbitration or by further Order of Court;

Globe and Elkem shall immediately comply with the dispute resolution procedures set forth in §9.8 of the Agreement;

The Court's Order shall remain in full force and effect until further Order of Court following a preliminary injunction hearing;

A preliminary injunction hearing is scheduled on Monday, January 7, 2013 at 9:00 a.m.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Kenneth M. Argentieri, Esquire**
Email: <kmargentieri@duanemorris.com>

**Thomas L. Allen**
Email: tallen@reedsmith.com